UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LELAND FOSTER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-195 |
| v. | ) | |
| | ) | Judge |
| **KKAM HOSPITALITY LLC,** an Ohio | ) | |
| Limited Liability Company | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

---

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against the named Defendant, KKAM Hospitality LLC for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1.  This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

1

Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.  Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.  Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.  Defendant **KKAM HOSPITALITY LLC**, upon information and belief, owns and operates the property located at 8110 Old Troy Pike in Montgomery County, Ohio, which is a hotel known as "Baymont by Wyndham Huber Heights Dayton."

6.  Plaintiff has been an overnight guest at the property thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7.  Upon information and belief, the facility owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8.  Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a

wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9.    Leland Foster is a former Wright State University student, visits many friends in the area surrounding Wright State University, as well as Fairborn, Ohio (where he formerly resided) and Dayton, and attends many disability seminars, job fairs, events at Wright State University, and conventions in the area. On this occasion Mr. Foster was present in the area to attend the annual Cycle-Con Trade Show & Convention held Friday, October 7th - Sunday, October 9th, 2022 at the Montgomery County Fairgrounds in Dayton, Ohio.

10.   On October 8-9, 2022, Plaintiff patronized the Defendant's property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

11.   Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds

with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the hotel, encountered barriers to access at the hotel, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center without fear of discrimination.

13.    The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14.    The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff

in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15.     A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property.  These violations include, but are not limited to:

Parking and Accessible Routes:

    A.  There is no accessible route from the designated accessible parking to the hotel entrance due to the presence of curbs and the vehicular way, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

    B.  The accessible parking spaces have access aisles that do not connect to an accessible route, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

    C.  There is no vehicle pull-up space or adjoining access aisle at the passenger loading zone at the hotel entrance, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

Designated Accessible Guestroom #115

    D.  The robe hook is located above allowable reach range, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

    E.  The hair dryer's operable parts are located above allowable reach range, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

F.  The water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

G.  The rear grab bar around the water closet does not meet the required length, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

H.  The handheld shower sprayer is located above allowable reach range and does not have non-positive shutoff within the detachable spray shower head, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

I.  There is a rear grab bar mounted above and behind the permanent seat in the bathtub, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

J.  There are amenities in the guestroom, including an iron and a clothes hanging bar, located in excess of allowable reach range, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

K.  There is not 36 inches of maneuvering clearance around the bed, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

L.  The bed blocks the required clear floor space to access the temperature controls, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

M.  The curtain adjusters require tight grasping or twisting to operate and are located in excess of allowable reach range, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

N.  There is not 18 inches of latch side clearance and the entry door to exit the hotel guestroom from the inside, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

O.  The door locking patch is mounted in excess of 48 inches above the floor allowed reach range, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

Guestrooms

P.  Upon information and belief, the Baymont by Wyndham Huber Heights Dayton has a legally insufficient number of guestrooms equipped with mobility features. Whereas a hotel with 60 rooms, such as this one, is required to have three guestrooms equipped with mobility features without a roll-in shower and one equipped with a roll-in shower, totaling four guestrooms.

Q.  Upon information and belief, the guestrooms equipped with mobility features are not dispersed among the various classes of guestrooms.  Whereas, guests that are not disabled have access to two double bed, one king bed, and one king bed studio suite while guests who require guestrooms equipped with mobility features can only access a king bed room.

R.  Upon information and belief there are no mobility accessible guestrooms equipped with a roll-in shower, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

Lobby Restroom

S.  Restroom signage is not located as required and lacks tactile Braille, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

T.  The door hardware and lock requires tight grasping or twisting to operate, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

U.  The bathroom entirely lacks a rear grab bar around the water closet, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

V.  The lavatory blocks clear floor space around the water closet, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

W.  Lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

X.  The mirror is located over 40 inches from the finish floor to its reflective surface, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

Y.  The bathroom lavatory is a lacks required knee clearance, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

Z.  The coat hook on the bathroom door is located far in excess above allowable reach range in height above the floor, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

AA.  The paper towel dispenser has its operable parts located far above allowable reach range, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

BB.	The clear floor space to approach the paper towel dispenser and baby changing table is blocked by a trash receptacle, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

Access to Goods and Services

CC.	The pool lacks an adaptive pool lift or other accessible means of entry, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

DD.	The hot tub lacks an adaptive pool lift or other accessible means of entry, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

EE. The fitness room lacks required clear floor space to access the fitness equipment, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

FF. The registration counter is in excess of 37 inches in height above the floor does not have a lowered portion for use by guests with disabilities, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

GG.	There are amenities in the breakfast area located above allowable reach range, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

HH.	The breakfast area lacks accessible dining surfaces whereas a minimum of 5% of seating or standing dining surfaces must be accessible, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

Policies and Procedures:

    II.  The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

    JJ.  The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16.    The discriminatory violations described in Paragraph 15 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.    Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.    The hotel at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping center accessible to and usable by persons with disabilities, including Plaintiff.

20.    The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21.    Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such required, or at minimum, readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

22.  Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23.  The Defendant operates or owns a "place[s] of public accommodation" pursuant to

O.R.C. § 4112.01(A)(9).

24.  Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying

Plaintiff equal access to and use of public accommodations.   The defendant's acts are

willful, severe and ongoing.  WHEREAS, the Defendant has failed provide, or otherwise

installed them contrary to federal ADA implementing regulations and Ohio building

codes, the required accessible public accommodations for Mr. Foster and other patrons

throughout its hotel and entirely lacks a guestroom equipped with roll-in shower.

25.  Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as

necessary to ensure justice in an amount to be determined at trial, but in any event not less

than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and

equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled

persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all required or at minimum

readily achievable alterations and institute policies and procedures to allow full and equal

enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons,

and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial,

but in any event not less than $25,000.00, as well as issuance of an injunction requiring

Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges,

and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net